**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

MARION C. BUTLER,                                                                                          PLAINTIFF
ADC #119900

v.                                            No. 4:11CV00708 JLH-JTK

WILLIAM O. JAMES, JR.                                                                                   DEFENDANT

**OPINION AND ORDER**

Marion C. Butler, a state inmate incarcerated at the Wrightsville Hawkins Unit for Males of the Arkansas Department of Correction, was granted permission to proceed *in forma pauperis* in this lawsuit filed pursuant to 42 U.S.C. § 1983. Butler alleges that William O. James, Jr., a licensed Arkansas attorney, failed to refund legal fees that were paid in advance but not earned.

The Prison Litigation Reform Act authorizes federal courts to dismiss an *in forma pauperis* complaint or portion thereof if the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) ("Although it is to be liberally construed, a *pro se* complaint must contain specific facts supporting its conclusions."). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

To state a claim for relief under section 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or statutory right. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130 (1999). Merely private conduct is not within the reach of section 1983. *Id*. at 50. In this case, Butler alleges that James, a private attorney retained to represent him, failed to refund fees that were paid in advance but never earned. Because James is a private actor who was not acting under color of state law, the complaint fails to state a claim for relief under section 1983, and it should be dismissed.

IT IS, THEREFORE, ORDERED that Marion C. Butler's complaint against William O. James, Jr., is DISMISSED for failure to state a claim.[1]

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal taken from this Opinion and Order and accompanying Judgment dismissing this action would be frivolous and not in good faith.

IT IS SO ORDERED this 6th day of October, 2011.

_J. Leon Holmes_
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[1] This dismissal is considered a "strike" within the meaning of the PLRA, 42 U.S.C. § 1915(g), which provides that a prisoner may not file a *pro se* civil action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, "unless the prisoner is under imminent danger of serious physical injury."